UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GARY LYNN MOORE #89945                CIVIL ACTION NO. 24-cv-1008

VERSUS                                JUDGE EDWARDS

L ANDERSON                            MAGISTRATE JUDGE HORNSBY

# REPORT AND RECOMMENDATION

Gary L. Moore ("Plaintiff"), a self-represented inmate, filed this civil action against L. Anderson. Plaintiff alleges that Anderson is an administrative law judge ("ALJ") who held a hearing at the Caddo Correctional Center in May 2023 and said that she would mail a copy of her decision to Plaintiff. The hearing allegedly concerned Plaintiff's "retirement and backpay" that were up for reconsideration. He alleges that he never received a copy of the decision and is now petitioning for his "right to appeal."

Plaintiff's complaint identifies Anderson as an ALJ with the Social Security Administration. Section 405(h) of Title 42 provides that no decision of the Commissioner of Social Security may be reviewed except as provided by the statute. Section 405(g) allows a claimant to obtain review of any "final decision" of the Commissioner by timely commencing a civil action in the appropriate district court. To obtain a "final decision" from the Commissioner, a claimant "is required to exhaust his administrative remedies by proceeding through all three stages of the administrative appeals process." Bowen v. City of New York, 476 U.S. 467, 106 S.Ct. 2022, 2031 (1986).

The review process consists of (1) reconsideration of the initial determination; (2) a hearing by an ALJ, and (3) review by the Appeals Council. After a claimant receives a determination at each stage, he or she may seek judicial review in federal district court pursuant to 42 U.S.C. § 405(g). Bowen, 106 S.Ct. at 2025-26. Prior to exhaustion of the administrative remedies, the federal court has no jurisdiction to review the decision. Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994); Celestine v. Soc. Sec. Admin., 486 Fed. Appx. 418 (5th Cir. 2012).

Plaintiff alleges that he had a hearing with an ALJ but has not yet received a decision. It has been more than a year since the hearing date, but it is not unusual for social security decisions to take several months. Plaintiff may wish to contact the agency and ask about the status of his application. This court, however, has no jurisdiction to intervene in or review the matter until Plaintiff has properly exhausted all of his administrative remedies and received a decision from the Appeals Council. The information provided by Plaintiff indicates that he has not exhausted those remedies, so the court should dismiss this civil action for lack of subject matter jurisdiction. Johnson v. Commissioner, 2024 WL 1861042 (M.D. Miss. 2024) (dismissing pro se complaint sua sponte for lack of jurisdiction when the plaintiff did not demonstrate exhaustion of administrative remedies).

Accordingly,

It is recommended that this civil action be dismissed without prejudice for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of October, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge